**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David N. Tietjen and Camille A. Tietjen, ) | No. CV-10-01622-PHX-GMS |
|              Plaintiff, ) | **ORDER** |
| vs. ) | |
| Wells Fargo Home Mortgage; Tiffany & ) Bosco, P.A.; Howard Atkins, ) | |
|              Defendants. ) | |

Pending before this Court are: (1) Defendant Wells Fargo Bank N.A.'s Motion to Dismiss (Doc. 6); (2) Defendant Howard Atkins' Motion to Dismiss (Doc. 7); and (3) Motion for Summary Disposition of Defendants Wells Fargo Bank, N.A. and Howard Atkins (Docs. 8, 11). For the reasons stated below, the Court grants the Motions to Dismiss of Wells Fargo and Howard Atkins and denies the Motions for Summary Disposition as moot. On its own motion, and pursuant to Fed. R. Civ. P. 4(m), the Court advises the Plaintiffs of the pending dismissal of the Complaint as to Defendant Tiffany & Bosco, in the absence of service on those Defendants.

### BACKGROUND

Plaintiffs David and Camille Tietjen brought suit against Defendants in Pinal County Superior Court on July 1, 2010. Although it is not clear from the caption of the Complaint the identity of the exact Defendants that Plaintiffs intend to name as parties, for purposes of

resolving these motions the Court will assume that the Plaintiffs intended to name three parties; (1) Wells Fargo Bank N.A[1].; (2) Howard Atkins, who the complaint alleges to be the Chief Financial Officer of Wells Fargo; and (3) Tiffany & Bosco P.A., an Arizona law firm.

The Complaint was removed to this Court by Wells Fargo on July 30, 2010. In removing the Complaint, Wells Fargo asserted that Tiffany & Bosco's joinder in this case was fraudulent, and this Court should disregard Tiffany & Bosco's citizenship for purposes of removal based on diversity. After examining the Complaint, the Court concurs that in this rather rare instance, Tiffany & Bosco is a fraudulent defendant.[2] This Court, therefore, may exercise jurisdiction.

Shortly after removing this action both Wells Fargo and Howard Atkins filed Motions to Dismiss (Docs. 6, 7). Plaintiffs have never filed any response to these motions.

## ANALYSIS

**1.    Fed. R. Civ. P. 4(m)**

Fed. R. Civ. P. 4(m) specifies that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant." Plaintiffs have filed no proof

---

[1] The Complaint names Wells Fargo Home Mortgage, but Wells Fargo Bank N.A. accepted service on behalf of Wells Fargo Home Mortgage, and has appeared in this matter. It represents that it is the correct Defendant to be sued instead of Wells Fargo Home Mortgage. Plaintiffs have not responded to this assertion.

[2] Tiffany & Bosco has never been served. The Complaint sets forth no apparent claims against Tiffany & Bosco. To the extent that Plaintiffs named Tiffany & Bosco because it, or one of its lawyers, was the successor trustee on the deed of trust, A.R.S. § 807(E) (2004) requires its dismissal. To the extent that the Complaint sets forth any claims at all against any of the Defendants, all claims assert that Defendants were not entitled to foreclose or seek to conduct a non-judicial foreclosure on Plaintiffs' property, thus the claims all involve or relate to the powers given a trustee to conduct a non-judicial foreclosure. Nevertheless, nowhere in the Complaint, are there sufficient allegations that could suggest that the trustee breached an obligation arising from the deed of trust or the Arizona statute regulating deeds of trust. In such circumstances A.R.S. § 33-807(E) requires dismissal of the trustee from the suit. Thus, the Court concludes that Tiffany & Bosco is a fraudulent defendant and declines to allow them to destroy diversity.

of service, pursuant to Fed. R. Civ. P 4(l), with respect to Tiffany & Bosco, nor has Tiffany & Bosco otherwise appeared in this action. The Court hereby provides notice to Plaintiffs that, in the absence of an appropriate proof of service filed with this Court on or before February 24, 2011 establishing that Defendant Tiffany & Bosco, has been served, Tiffany & Bosco will be dismissed as a Defendant from this action.

**2.  Wells Fargo and Howard Atkins' Motions To Dismiss**

Plaintiffs did not respond to either of Defendants' Motions to Dismiss. In the absence of any response, both Defendants have moved for the summary granting of their motions pursuant to Local Rule of Civil Procedure 7.2(i), which provides, in pertinent part:

> [I]f the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily.

The Court, thus, may deem Plaintiffs' failure to timely respond a consent to the granting of Defendants' Motions to Dismiss. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (holding that district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where pro se plaintiff had time to respond to motion but failed to do so); *United States v. $22,474 in U.S. Currency*, 55 F. Supp. 2d 1007, 1011 (D. Ariz. 1999) (citing former Rule 1.10(i) and stating that failure to comply with Local Rules "would be grounds upon which to summarily grant the Government's motion to dismiss"). The Court thus grants both Motions to Dismiss on this basis.

In addition, based on the allegations of the Complaint, the Motions to Dismiss have merit. The claims as they are set forth in Plaintiffs' Complaint apparently relate to the original note holder. It is unclear what claims, if any, Plaintiffs assert against Wells Fargo and Atkins. When a party brings claims against multiple defendants the party must clearly specify the claims with which each party is charged." Wright & Miller, Federal Practice and Procedure § 1248 (2009 ed.). Plaintiffs have not done so with respect to either Wells Fargo or Atkins.

/ / /

1    Further when bringing a complaint, plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007) (holding that a plaintiff has an obligation to allege sufficient facts to plausibly allege grounds upon which he claims his entitlement to relief and that mere labels and conclusions or a formulaic recitation of the elements of a claim is insufficient."). Plaintiffs' Complaint also fails in this respect.

An underlying assumption of Plaintiffs' Complaint, appears to be that Plaintiffs never actually received anything of value from the original note holder in exchange for their promissory note because, for some unspecified reason, the original note holder never took any risk in connection with this transaction. As an initial matter, such allegations, in and of themselves, are insufficient to state a claim. *See, Pryzbylski v. Stumpf,* No. CV-10-8073-PCT-GMS (D. Ariz. filed Jan. 4, 2011); *see also*, *Rodriguez v. Summit Lending solutions, Inc. et al.,* No 09-CV-773-BTM(NLS), 2009 Wl 1936795 (S.D. Cal. July 7, 2009). Nor are such claims credible. In the space of a few short lines Plaintiffs assert both that they are the creditor and the debtor in this matter. Even assuming that such mutually inconsistent pleading might be plausible under some conceivable factual scenario, Plaintiffs' Complaint does not allege any facts under which such mutually inconsistent allegations could constitute alternative pleading. Further, it is not clear how Defendants are related to any of their allegations. It is not clear for example that any of the Defendants was the original note holder.

As well, alleging, without more, that a foreclosure is invalid because the foreclosing entity did not have actual possession of the note at the time of foreclosure, does not state a claim under Arizona law. *See Deissner v. Mortgage Elec. Reg. Sys.,* 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (holding that "Arizona's non-judicial foreclosure statute does not require presentation of the original note before foreclosure proceedings."); *Mansour v. Cal-Western Reconveyance Corp.,* 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (same).

To the extent that Plaintiffs seek to assert claims of fraud against the individual Defendants they must "state with particularity the circumstances constituting fraud or

- 4 -

1  mistake." Fed. R. Civ. P. 9(b). There are nine elements required to plead common law fraud
2  in Arizona. *Nielson v. Flashberg*, 101 Ariz. 335, 338, 419 P.2d 514, 517 (1966). Each fraud
3  claim must be plead with particularity as to each defendant against which plaintiff raises such
4  claims. Plaintiffs must "state the time, place and specific content of the false representation
5  as well as the identities of the parties to the misrepresentations." *Schreiber Distrib. Co. v.*
6  *Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *A.G. Edwards & Sons, Inc.*
7  *v. Smith*, 736 F. Supp. 1030, 1033 (D. Ariz. 1989) (holding that "[m]ere conclusory
8  allegations of fraud will not suffice; the complaint must contain statements of the time, place
9  and nature of the alleged fraudulent activities."). This Plaintiffs have not done.

10  At some points in the Complaint, Plaintiffs seem to suggest that they do not
11  understand the deed of trust or promissory note, and they reserve the right to question the
12  authenticity of all documents. Plaintiffs, however, offer no allegations suggesting how such
13  matters constitute fraud, or any other claim, with any particularity.

14  The Complaint therefore is dismissed against Defendants Wells Fargo and Atkins.
15  The motions for summary entry of judgment filed by the Wells Fargo and Atkins Defendants
16  are denied as moot.

17  **IT IS HEREBY ORDERED:**
18  1.  Granting Defendant Wells Fargo Bank N.A.'s Motion to Dismiss (Doc. 6)
19  2.  Granting Defendant Howard Atkins' Motion to Dismiss (Doc. 7)
20  3.  Denying Defendants' Motions for Summary Disposition (Docs. 8, 11), as moot.
21  **IT IS FURTHER ORDERED** advising Plaintiffs that in the absence of filing proof
22  of service on Defendant Tiffany & Bosco on or before **February 24, 2011**, the Complaint
23  against Tiffany & Bosco will be dismissed without prejudice.
24  / / /
25  / / /
26  / / /
27
28

- 5 -

**IT IS FURTHER ORDERED** directing the Clerk of the Court that in the absence of Plaintiffs' filing proof of service on Defendant Tiffany & Bosco on or before **February 24, 2011**, Defendant Tiffany & Bosco shall be dismissed and this matter is to be terminated without further Order of the Court.

DATED this 3rd day of February, 2011.

G. Murray Snow
United States District Judge